UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEAN CARLOS,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-04866 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner Jean Carlos is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus seeking "release within 30 days unless Respondents schedule a hearing before an immigration judge" where the Government must justify its continued detention of Petitioner or release him. Dkt. No. 1 at 18; *see* Dkt. No. 10 at 9–10. For the reasons that follow, the Court grants the petition and orders Respondents to provide Petitioner with a bond hearing.

The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States on or around March 2, 2018 on a B1 Temporary Visitor visa with an expiration of September 6, 2018, but remained in the United States past that expiration. Dkt. No. 9-1 at 2. On December 26, 2026, Petitioner was detained by ICE when he was released from St. Lucie County Jail following an arrest for providing law enforcement with a false ID. *Id.*; Dkt. No. 9-2 at 5.

Petitioner was ordered removed on July 27, 2026, but has until August 26, 2026 to appeal that order. Dkt. No. 10 at 5–6. As such, there is no final order of removal in place. *See* 8 U.S.C. § 1101(a)(47)(B) (an order of removal becomes "final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

The Ninth Circuit's holding in *Rodriguez Vazquez, v. Bostock* finding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)" is dispositive here. 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). As a noncitizen without admission arrested in the interior of the United States, Petitioner is subject to the discretionary detention scheme in 8 U.S.C. § 1226(a). Indeed, Respondents admit as much, conceding in opposition that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention pending a final order of removal." Dkt. No. 9 at 1. As such, Petitioner's detention, bond, and release are controlled by § 1226(a).

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

**IT IS SO ORDERED.**

Dated: August 18, 2026

VINCE CHHABRIA
United States District Judge